PEOPLE v HUDSON

Docket No. 122785. Submitted September 5, 1990, at Detroit. Decided January 9, 1991, at 9:25 A.M.

Dennis E. Hudson was convicted following a plea of guilty in the Genesee Circuit Court of unarmed robbery. The court, Robert M. Ransom, J., sentenced the defendant to a prison term of from five to fifteen years, choosing to depart from the zero to three-year minimum sentence recommended by the sentencing guidelines because the defendant used such force in wresting a purse from the eighty-two-year-old victim that she was thrown to the ground and injured. The defendant appealed, arguing that the court abused its discretion in departing from the recommended minimum sentence for reasons already considered under the guidelines.

The Court of Appeals *held:*

Trial courts, in imposing sentences, retain the discretion to depart from sentences recommended under the sentencing guidelines where the guidelines do not adequately account for important factors, including not adequately taking into account conduct which is extraordinary in its degree. While in this case the trial court properly could depart from the recommended sentence on the bases of the defendant's use of extraordinary force and the age of the victim, remand for resentencing under the principle of proportionality is appropriate.

Reversed and remanded.

SENTENCES — SENTENCING GUIDELINES — DEPARTURE FROM GUIDELINES — JUDICIAL DISCRETION — PROPORTIONALITY.

Sentencing courts, consistent with the principle of proportionality, have discretion in imposing sentences to depart from the sentencing guidelines where the guidelines do not adequately account for important factors legitimately considered at sentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor*

REFERENCES
Am Jur 2d, Criminal Law §§ 598, 599, 604.
See the Index to Annotations under Mitigation or Aggravation of Punishment; Sentence and Punishment.

*Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Douglas B. Shapiro*), for the defendant on appeal.

Before: HOOD, P.J., and WAHLS and MURPHY, JJ..

PER CURIAM. Defendant pled guilty in the Genesee Circuit Court to a charge of unarmed robbery, MCL 750.530; MSA 28.798, which carries a maximum sentence of fifteen years. In exchange for defendant's plea, the prosecutor agreed to dismiss two charges of felonious assault, MCL 750.82; MSA 28.277. Defendant appeals as of right from his sentence of five to fifteen years, arguing that the sentencing court abused its discretion when it departed from the sentencing guidelines for reasons already considered in the guidelines and that the sentence imposed was an abuse of the sentencing court's discretion.

Complainant, an eighty-two-year-old woman, was walking with her granddaughter when defendant stole her purse. She was thrown to the ground and fractured her shoulder in the struggle for the purse. Defendant was captured by several bystanders and held until police arrived at the scene.

The sentencing guidelines recommended a minimum sentence of zero to three years. The sentencing court stated that it was departing from the guidelines because of the highly predatory nature of defendant's crime and the serious injuries sustained by the complainant. The sentencing court stated that a person who would commit such a crime should be confined "for a substantial period for the protection of the community" and is "in

need of some prolonged therapy." Responding to defendant's argument that he did not set out to injure an elderly woman and would not have injured her if she had not resisted, the sentencing court stated that "it was a little short on empathy for [defendant's] argument" because "when one sets out to commit an assaultive crime . . . there's always the potential of a serious injury or death arising."

A sentencing court may depart from the recommended minimum sentence under the guidelines when necessitated by the special characteristics of the offense or the offender or when the judge believes that the recommended minimum sentence is inappropriate. *People v Fleming,* 428 Mich 408, 426; 410 NW2d 266 (1987). Acknowledging this, defendant nevertheless argues that departure from the guidelines should be limited to factors which are not considered in the guidelines because the guidelines have already been revised to comport with present-day sentencing practices. Defendant requests that we revisit this issue, which was previously resolved by this Court in *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985), under the first edition of the sentencing guidelines.

Defendant's argument is supported by only two critical assumptions, the loss of either of which undermines the argument. First, defendant's argument assumes that the second edition of the guidelines has been adjusted to comport perfectly with present-day sentencing practices. There is no support in the record for this assumption, and, therefore, we reject it. Second, defendant's argument assumes that every factor considered under a sentencing variable is completely and finally accounted for in the scoring of that variable. In order to test this assumption, we consider the

factors allegedly twice considered in this case: "bodily injury" under Offense Variable 2 and "agedness" under Offense Variable 7. Obviously, these broad terms are generally applicable to every case involving an injured and aged victim. However, the extent of a victim's injuries and agedness may differ greatly from case to case. Thus, the degree to which these broad terms are specifically applicable in a particular case depends on the specific circumstances of the case. Therefore, we reject the assumption that every factor considered under a sentencing variable is completely and finally accounted for in the scoring of that variable.

The recently released opinion of our Supreme Court in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), appears to recognize that the degree to which broad terms such as "injury" and "agedness" are specifically applicable in a particular case depends on the specific circumstances of the case. The Court stated that "departures are appropriate where the guidelines do not *adequately* account for important factors legitimately considered at sentencing." *Id.,* p 657 (emphasis added). Consistently, the Supreme Court instructed that "[w]here there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves *circumstances* that are *not adequately embodied* within the variables used to score the guidelines." *Id.,* pp 659-660 (emphasis added). Finally, the Court expressly declined to overrule previous decisions of this Court which have held that the sentencing court may depart from the guidelines for reasons already considered in the guidelines, "since there will be occasions when the conduct or the criminal record to be scored under the sentencing guide-

lines is extraordinary in its degree." *Id.,* p 660, n 27.

The revised guidelines, like the original guidelines, provide a "recommendation" and are not binding on a sentencing court. *People v Davis,* 181 Mich App 354, 358; 448 NW2d 842 (1989), citing Administrative Order No. 1988-4; see *Milbourn, supra,* p 659. They do not convey substantive rights on a defendant. *Davis, supra,* pp 358-359. Discretion to determine the precise weight to be given facts deemed relevant to the sentencing decision remains in the sentencing court under the indeterminate sentencing act, MCL 769.8; MSA 28.1080. See *People v Adams,* 430 Mich 679, 686-687; 425 NW2d 437 (1988); *Davis, supra; People v Bryars,* 168 Mich App 523, 526; 425 NW2d 125 (1988); see also *Milbourn, supra,* pp 657, 661, 664-665. Refusing to allow the sentencing court to depart from the revised guidelines whenever its reasons are already considered in the guidelines recommendation "would seriously circumscribe the court's discretion in sentencing." *Ridley, supra,* p 134; *Davis, supra.* However, because the sentencing court exceeded the sentencing guidelines without the benefit of the Supreme Court's recent opinion in *Milbourn, supra,* pp 654-661, and its statements regarding the role of the sentencing guidelines, we reverse defendant's sentence and remand for resentencing in light of *Milbourn.*

Reversed and remanded.