PEOPLE v GARDNER

Docket No. 125213. Submitted April 8, 1992, at Lansing. Decided July
6, 1992, at 10:05 A.M.

Eddie C. Gardner was convicted by a jury in the Washtenaw
Circuit Court, Patrick J. Conlin, J., of carrying a concealed
pistol in a vehicle. He appealed by leave granted, claiming that
the prosecution failed to establish its case beyond a reasonable
doubt, because it failed to present sufficient proof that the
pistol was operable.

The Court of Appeals *held:*

A "pistol," as defined under the concealed weapons statute,
must be operable, that is, capable of propelling the requisite-
sized dangerous projectile or be able to be altered to do so
within a reasonably short time. However, an affirmative show-
ing of operability is not necessary to the establishment of a
prima facie case of carrying a concealed pistol in a vehicle. In
this case, because the defendant produced no evidence that the
gun was inoperable, the jury was entitled to conclude from the
evidence presented that the pistol was operable. A rational
trier of fact could have found the essential elements of the
crime proven beyond a reasonable doubt.

Affirmed.

1. CRIMINAL LAW — WEAPONS — CARRYING A CONCEALED PISTOL —
   OPERABILITY.

   An affirmative defense to a charge of carrying a concealed pistol
   may be made by the presentation of proof that the pistol would
   not fire and could not readily be made to fire; the operability of
   a pistol is a question for the jury when allegations of inopera-
   bility have been raised (MCL 750.227[2]; MSA 28.424[2]).

2. CRIMINAL LAW — WEAPONS — CARRYING A CONCEALED PISTOL —
   OPERABILITY.

   A pistol, as defined under the concealed weapons statute, must be
   operable, that is, capable of propelling the requisite-sized pro-
   jectile or be able to be altered to do so within a reasonably

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 1, 2, 9, 16.
See the Index to Annotations under Weapons and Firearms.

short time; an affirmative showing of operability is not necessary to establish a prima facie case of carrying a concealed pistol (MCL 750.227[2]; MSA 24.424[2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Mary T. Nemeth,* for the defendant on appeal.

Before: Reilly, P.J., and Holbrook, Jr., and Marilyn Kelly, JJ.

Marilyn Kelly, J. The police found a loaded gun under the floor mat on the driver's side of an automobile defendant was driving. Defendant was charged and convicted of carrying a concealed pistol in a vehicle. MCL 750.227(2); MSA 28.424(2).

At trial during cross-examination, defense counsel brought out that the police had not attempted to fire the weapon and were not able to state under oath that it was operable. Defendant argues on appeal that the prosecution failed to establish its case beyond a reasonable doubt, because it failed to present sufficient proof that the pistol was operable. We affirm.

The parties agree that an affirmative showing of operability is not necessary to the establishment of a prima facie case. In any event, the prosecution included in its case evidence that the pistol when found was loaded with four live rounds and two spent shells. The weapon appeared to be in good operating condition based on a visual inspection. However, defendant argues that, if a gun cannot fire, it cannot by definition be a pistol or a firearm. He argues that, once he raised the affirmative defense of inoperability at trial, the prosecution had the burden of proving beyond a reasonable doubt that the gun could be fired.

A split of authority exists in this Court as to whether a defendant can be convicted of carrying a concealed pistol when the weapon is inoperable. *People v Huizenga,* 176 Mich App 800; 439 NW2d 922 (1989); *People v Sanchez,* 98 Mich App 562; 296 NW2d 312 (1980); *People v Jiminez,* 27 Mich App 633; 183 NW2d 853 (1970). In *Jiminez,* the defendant had a loaded gun. He was convicted of carrying a concealed weapon. MCL 750.227; MSA 28.424. We ruled that a gun need not be operable for a defendant to be convicted of carrying a concealed weapon.

Eighteen years later, in *Huizenga,* we strictly construed the definition of "firearm." *Id.,* 802-805; MCL 8.3t; MSA 2.212(20). We held that, since the gun the defendant was carrying was utterly incapable of propelling a dangerous projectile, it was not a concealed firearm as defined by statute.

We agree with *Huizenga* that it is not for this Court to enlarge the scope of criminal statutes but, rather, to construe them strictly. We hold that a "pistol," as defined under the concealed weapons statute, must be operable.

> [T]hat is, the pistol must be capable of propelling the requisite-sized dangerous projectile or be able to be altered to do so within a reasonably short time. [*Id.,* 806.]

The Legislature has defined a firearm, including a pistol, as follows:

> The word "firearm", except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means for propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BB's not exceeding .177

calibre by means of spring, gas or air. [MCL 8.3t; MSA 2.212(20).]

An affirmative defense to carrying a concealed pistol can be made by the presentation of proof that the pistol would not fire and could not readily be made to fire. Our resolution of the existing conflict is consistent with the holding in *People v Hill,* 433 Mich 464; 446 NW2d 140 (1989); see Administrative Order No. 1990-6, 436 Mich lxxxiv. *Hill* held that temporarily inoperable firearms which can be made operable within a reasonable time fall within the purview of statutes governing the use and possession of firearms. *Id.,* 477. It referenced the then applicable standard criminal jury instruction, CJI 11:1:09 (current CJI2d 11.6). The instruction recognizes that a gun must be "totally inoperable" and "cannot be readily repaired" before a charge of illegal possession of a firearm can be defeated. *Id.,* 476-477.

Defense counsel in this case was correct when arguing during closing that operability is a jury question when allegations of inoperability have been raised. He now argues that the evidence was insufficient to establish operability beyond a reasonable doubt. To resolve a sufficiency of the evidence claim, we view the evidence in the light most favorable to the prosecution; we determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). We review all the evidence presented, including the evidence presented by the defendant. *People v Schinella,* 160 Mich App 213, 216; 407 NW2d 621 (1987).

In this case, defendant produced no evidence that the gun was inoperable. Defense counsel did nothing more than raise a question about operabil-

ity; he asked Officer Scott if the gun had been test fired. Therefore, the jury was entitled to conclude that the pistol was operable. We determine that a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.

Affirmed.