PEOPLE v PARR

Docket No. 122027. Submitted June 15, 1992, at Detroit. Decided November 17, 1992, at 9:50 A.M. Leave to appeal sought.

James N. Parr was convicted following a bench trial in the Recorder's Court for the City of Detroit, Lawrence D. Silverman, J., of carrying a concealed weapon, and was sentenced to 1½ to 5 years' imprisonment. The defendant appealed, alleging that the police lacked probable cause to justify chasing and apprehending him; that the prosecution failed to prove an essential element of the crime, i.e., that the pistol was operable; and that the court's departure from the sentence recommended by the sentencing guidelines was not justified.

The Court of Appeals *held;*

1. The facts of this case indicate that the police officers possessed a reasonable, particularized suspicion that the defendant was engaged in criminal activity. There was probable cause to arrest the defendant.

2. The defendant produced no evidence that the pistol was inoperable, did not raise the issue of operability, and testified that the pistol was not his. In light of these facts and the fact that the pistol was loaded with six live rounds of ammunition, the court was entitled to conclude that the pistol was operable.

3. The court's departure from the guidelines' recommended range was justified.

Affirmed.

CORRIGAN, J., concurring, stated that there are conflicting Court of Appeals decisions regarding the requirement that a weapon be operable for purposes of the concealed weapons statute and the felony-firearm statute, despite the Supreme Court's directive in *People v Hill,* 433 Mich 464 (1989), that the concealed weapons statute and the felony-firearm statute necessitate the same statutory construction. As the law now stands, operability of the weapon is not an element of a felony-firearm charge; but, if challenged, operability must be proven by the

REFERENCES

Am Jur 2d, Searches and Seizures § 58; Weapons and Firearms § 16.

Furtive movement or gesture as justifying police search.

prosecution in a concealed weapons case. The Supreme Court should resolve the inconsistent interpretations of related statutory provisions.

1. CRIMINAL LAW — INVESTIGATIVE STOPS — REASONABLE SUSPICION — FLIGHT OF SUSPECT.

In order to justify an investigative stop of a person, the police must have a particularized suspicion, based on objective observations, that the person has been, is, or is about to engage in some type of criminal activity; flight at the approach of police, by itself, does not support a reasonable suspicion sufficient to warrant an investigative stop, but is a factor to be considered in determining whether there was reason to conclude that criminal activity was afoot; there must be other circumstances that make the import of the defendant's flight less ambiguous.

2. CRIMINAL LAW — WEAPONS — CARRYING A CONCEALED PISTOL — AFFIRMATIVE DEFENSES — OPERABILITY.

A pistol, as defined under the concealed weapons statute, must be operable, i.e., capable of propelling the requisite-sized dangerous projectile or of being altered to do so within a reasonably short time; an affirmative defense to a charge of carrying a concealed pistol may be made by presenting proof that the pistol could not be fired or readily be made to fire (MCL 750.227; MSA 28.424).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Virginia J. Hazen,* Assistant Prosecuting Attorney, for the people.

*Vincent Schumacher,* for the defendant on appeal.

Before: JANSEN, P.J., and MICHAEL J. KELLY and CORRIGAN, JJ.

JANSEN, P.J. Defendant, James Nathan Parr, was convicted of carrying a concealed weapon, MCL 750.227; MSA 28.424, following a bench trial in Detroit Recorder's Court. He was sentenced to a

term of 2½ to 5 years' imprisonment. Defendant appeals as of right, and we affirm.

Defendant first contends that the police officers did not have probable cause or reasonable suspicion of criminal activity to justify chasing and apprehending him. It is defendant's position that at the time the officers decided to pursue him, they had insufficient information to satisfy a reasonable person that he had committed or was about to commit a crime. We disagree with defendant.

In order to justify an investigative stop, the police must have a particularized suspicion, based on objective observations, that the person stopped has been, is, or is about to engage in some type of criminal activity. *People v Armendarez,* 188 Mich App 61, 66-67; 468 NW2d 893 (1991); *People v Lambert,* 174 Mich App 610, 614; 436 NW2d 699 (1989). We must evaluate the police officers' conduct in light of the totality of the circumstances. *Armendarez,* p 67; *Lambert,* p 616.

Flight at the approach of police does not, by itself, support a reasonable suspicion to warrant an investigative stop; however, it is a factor to be considered in determining whether there were grounds to conclude that criminal activity was afoot. *Armendarez,* p 68; *Lambert,* p 616. There must be other circumstances that make the import of the defendant's flight less ambiguous. *Id.*

On March 22, 1989, at approximately 11:40 P.M., Officer Lovier, while on duty with two partners, observed defendant and two other individuals near 14630 Hartwell. When defendant noticed the officers in their police car he "just like got a wide expression on his face and then started to turn and reached into his left waistband." Defendant removed something from his left waistband with his right hand. He handled the item like a gun.

As the police car approached defendant, Officer

Lovier could see a shiny object in defendant's hand that the officer believed to be a gun. As the police car drew near, defendant ran to the side door, where he stopped and kicked and pulled at the door. A light by the door was turned on. Defendant still had the object in his hand at this time, and from the police car, which was parked at the end of the driveway, Officer Lovier clearly saw that the object was a gun. Defendant then ran through the yard, and the police officers got out of their car and pursued him. As Officer Lovier chased defendant, he saw defendant throw the gun over a fence. Defendant was subsequently apprehended, and a Smith & Wesson .38 caliber nickel-plated revolver, which was loaded with six live rounds, was retrieved.

We are of the opinion that the police officers had a reasonable, particularized suspicion that defendant was engaged in some type of criminal activity. Defendant's actions, including his facial expression and the movement toward his waistband, and the police officer's observation of the shiny object make the import of defendant's flight less ambiguous. *Lambert, supra.* Those facts gave the officers reasonable suspicion sufficient to justify further investigation. Upon closer observation, it became apparent to Officer Lovier that the shiny object was in fact a gun. Defendant's possession of a gun and his actions gave the officers sufficient probable cause to arrest him. The gun was then properly seized, because it was within the plain view of the officer. *People v Cooke,* 194 Mich App 534; 487 NW2d 497 (1992). We conclude that the police officers possessed a reasonable belief that criminal activity was afoot, they were justified in pursuing and arresting defendant, and the testimony regarding the finding of the gun was properly admitted.

Defendant next claims that the prosecution did not prove an essential element of the crime, that the gun found was legally a pistol. Defendant contends that, because the gun was not offered into evidence, the prosecution failed to prove that the pistol was operable. We find no merit in defendant's argument.

This Court has recently held that a pistol, as defined under the concealed weapons statute, must be operable. *People v Gardner,* 194 Mich App 652; 487 NW2d 515 (1992). That is, the pistol must be capable of propelling the requisite-sized dangerous projectile or of being altered to do so within a reasonably short time. *Id.,* p 654; *People v Huizenga,* 176 Mich App 800, 806; 439 NW2d 922 (1989). An affirmative defense to a charge of carrying a concealed pistol can be made by the presentation of proof that the pistol would not fire and could not readily be made to fire. *Gardner, supra.*

In this case, as in *Gardner,* defendant produced no evidence that the gun was inoperable. Defendant did not even raise the issue of operability and, in fact, testified that the gun was not his and that he did not possess a gun at any time. Under these circumstances, the trier of fact was entitled to conclude that the pistol was operable. *Gardner, supra.* This is particularly so in light of the fact that the gun found by the officer was loaded with six live rounds of ammunition.

Defendant also contends that the trial court's departure from the recommended guidelines range of zero to six months was not justified. Again, we disagree with defendant.

A sentencing court may depart from the recommended minimum sentence under the guidelines when departure is necessitated by the special characteristics of the offense or the offender, or when the court believes that the recommended mini-

mum sentence is inappropriate. *People v Hudson,* 187 Mich App 31, 33; 466 NW2d 313 (1991). Departure is appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing. *Id.,* p 34; *People v Milbourn,* 435 Mich 630, 657; 461 NW2d 1 (1990). A sentencing court may consider the facts underlying uncharged offenses, pending charges, and acquittals. *People v Newcomb,* 190 Mich App 424, 427; 476 NW2d 749 (1991).

After reviewing the record made at the time of sentencing, we conclude that the trial court's departure from the guidelines' recommended range was justified. The trial court was very thorough at sentencing, and provided sufficient justification in support of the departure both on the record and on the sentencing information report. We find no error in this regard.

Affirmed.

MICHAEL J. KELLY, J., concurred.


CORRIGAN, J. *(concurring).* I concur in the majority opinion, but write separately to question the analysis in *People v Gardner,* 194 Mich App 652; 487 NW2d 515 (1992). *Gardner* adopts *People v Huizenga,* 176 Mich App 800; 439 NW2d 922 (1989), concluding that inoperability can be an affirmative defense to a charge of carrying a concealed pistol in a vehicle, MCL 750.227(2); MSA 28.424(2). In ostensibly resolving a longstanding split of authority, however, *Gardner* failed to acknowledge or discuss *People v Thompson,* 189 Mich App 85; 472 NW2d 11 (1991), which rejected *Huizenga.* Notably, Judge FITZGERALD dissented in *Thompson* on grounds that he would have followed

*Huizenga.* 189 Mich App 88. See Administrative Order No. 1990-6, 436 Mich lxxxiv.

The two opinions can be distinguished because *Thompson* relates to MCL 750.227b; MSA 28.424(2), possession of a firearm during the commission of a felony, while *Gardner* applies to MCL 750.227(2); MSA 28.424(2), carrying a concealed pistol in a vehicle. However, the Supreme Court expects uniform statutory interpretation of concealed weapon and felony-firearm offenses. In *People v Hill,* 433 Mich 464; 446 NW2d 140 (1989), a majority of our Supreme Court, over Justice LEVIN's dissent, observed that "[t]he concealed weapon statute and the felony-firearm statute necessitate the same statutory construction." 433 Mich 475. Moreover, in its analysis of MCL 750.224b; MSA 28.421(2), prohibiting possession of a short-barreled shotgun, *Hill* cited favorably those Court of Appeals cases that rejected the view that operability is an element of felony-firearm and concealed weapon offenses.

The law now provides that proof that a weapon is operable is not an element of a felony-firearm charge, MCL 750.227b; MSA 28.424(2), *Thompson, supra.* Under MCL 750.227(2); MSA 28.424(2), if operability is properly challenged, the prosecutor must prove the weapon is operable. *Gardner,* supra. In construing related statutes, our Court has inconsistently interpreted the same statutory definitions, contrary to *Hill*'s directive. This is a serious and recurring matter of public importance because of the prominence of weapons offenses in our criminal courts.

In an appropriate case, the Supreme Court should resolve these inconsistent interpretations of related statutory provisions.