# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 12, 2015

Plaintiff-Appellee,

v

No. 319262
Ingham Circuit Court

ANDREW MICHAEL-BRIAN ELLIOTT,

LC No. 13-000411-FC

Defendant-Appellant.

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was acquitted of assault with intent to murder, MCL 750.83. The trial court sentenced defendant to concurrent prison terms of 42 to 90 months for the CCW and felon-in-possession convictions, each to be served consecutively to a prison term of 24 months for the felony-firearm conviction. Defendant was also ordered to pay $69,863.17 in restitution, which represented the amount of medical bills the complainant incurred from his injuries. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from a dispute between the complainant and defendant that culminated in a shooting. Defendant fired a handgun at least three times at the complainant; one of the bullets struck the complainant in the stomach. The complainant testified that he was unarmed when defendant shot him. According to defendant, he fired at the complainant in self-defense.

At sentencing, defense counsel expressly agreed to scoring offense variable (OV) 1 at 25 points, OV 3 at 25 points, OV 4 at ten points, and OV 12 at five points. Defense counsel's objection to scoring OV 9 and OV 19 at ten points each was denied. In addition to the prison terms imposed, the trial court ordered defendant to pay $69,863.17 in restitution, in response to which defense counsel stated, "I did have an opportunity to review the statements that were provided and it does look as though all of those fit within the time frame of this incident so I'll leave it to the Court's discretion."

-1-

Following his convictions and sentencing, defendant filed a motion in this Court to remand. This Court granted that motion, *People v Elliott*, unpublished order of the Court of Appeals, issued September 18, 2014 (Docket No. 319262), allowing defendant to file a motion for resentencing with the trial court. On remand, the trial court denied defendant's motion for resentencing. This appeal followed.

## II. OV SCORING

Defendant first argues that the court erred in scoring offense variables (OVs) 1, 3, 4, 9, 12, and 19. We disagree. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

"A defendant is entitled to be sentenced according to accurately scored guidelines and on the basis of accurate information." *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). "A sentencing court may consider the facts underlying uncharged offenses, pending charges, and acquittals." *People v Parr*, 197 Mich App 41, 46; 494 NW2d 768 (1992).

Defendant argues that the trial court erred in scoring OV 1 at 25 points, OV 3 at 25 points, and OV 4 at ten points. "Offense variable 1 is aggravated use of a weapon" and is to be scored at 25 points when "[a] firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon." MCL 777.31(1)(a). "Offense variable 3 is physical injury to a victim" and is to be scored at 25 points when "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). "Offense variable 4 is psychological injury to a victim" and is to be scored at ten points when "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a).

Relying on *McGraw*, 484 Mich 120, defendant argues that because the crimes of CCW and felon-in-possession were complete at the moment he possessed the firearm, the trial court was prohibited from considering what happened after that point in time, in scoring OVs 1, 3, and 4, i.e., that he shot the complainant.

The Michigan Supreme Court in *McGraw*, 484 Mich at 133-134, citing *People v Sargent*, 481 Mich 346; 750 NW2d 161 (2008), recognized that offense variables are generally offense-specific:

> Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable. OV 9 does not provide for consideration of conduct after completion of the sentencing offense. Therefore, it must be scored in this case solely on the basis of defendant's conduct during the breaking and entering. If the prosecution had wanted defendant to be punished for fleeing and eluding, it should not have dismissed the fleeing and eluding charge. It would be fundamentally unfair to allow the prosecution to drop

the fleeing and eluding charge while brokering a plea bargain, then resurrect it at sentencing in another form.

However, "a trial court may properly consider all of defendant's conduct *during* that [sentencing] offense." *People v Chelmicki*, 305 Mich App 58, 71-72; 850 NW2d 612 (2014), citing *McGraw*, 484 Mich at 124, 129, 134 (internal quotation marks and citation omitted, emphasis added). Therefore, in *Chelmicki*, this Court concluded that the trial court did not err in considering "defendant's act of holding a BB gun to the victim's head [because it] was conduct that occurred 'during' the ongoing offense of unlawful imprisonment." *Id*. at 72.

In the instant case, although the elements to the sentencing offense may have been complete at the particular moment defendant first possessed the firearm that was used to shoot the complainant, the sentencing offense was "ongoing" when defendant used that illegally possessed firearm to shoot the complainant. *Id*. This conclusion is consistent with the purposes of MCL 750.227(2) and MCL 750.224f. "[T]he general purpose behind the concealed weapon statute is 'to prevent the possibility that quarrelling persons would suddenly draw a hidden weapon without notice to other persons.' " *People v Nimeth*, 236 Mich App 616, 621; 601 NW2d 393 (1999), quoting *People v DeLeon*, 177 Mich App 306, 308; 441 NW2d 85 (1989). "[T]he felon-in-possession statute is aimed at protecting the public from guns in the hands of convicted felons, whether those weapons are concealed or not." *People v Mayfield*, 221 Mich App 656, 662; 562 NW2d 272 (1997) (citation omitted).

Therefore, the trial court properly considered defendant's conduct during his commission of the offenses of CCW and felon-in-possession, and OVs 1, 3, and 4 were properly scored. OV 1 was properly scored at 25 points because "[a] firearm was discharged at or toward a human being" when defendant shot the complainant with a firearm in the stomach. MCL 777.31(1)(a). OV 3 was properly scored at 25 points because "[l]ife threatening or permanent incapacitating injury occurred" MCL 777.33(1)(a). And OV 4 was properly scored at ten points because, looking to the complainant's impact statement, "[s]erious psychological injury requiring professional treatment occurred" from this incident. MCL 777.34(1)(a).[1]

---

[1] Defendant also argues that the trial court erred in scoring OVs 1, 3, and 4 because "the jury found that [the complainant] was the aggressor and not the victim." The Michigan Supreme Court has held that an individual charged with being a felon in possession of a firearm may assert self-defense as a defense. *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010).

However, in addressing defendant's motion for resentencing, the trial court found, by a preponderance of the evidence, that defendant did not act in self-defense when he shot the complainant. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008) ("A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence."). Consequently, and notwithstanding that the jury acquitted defendant of assault with intent to murder, because defendant shot the complainant "during" the commission of the offense of felon in possession of a firearm, the trial court was permitted to consider defendant's act of shooting the complainant in scoring the offense variables as described above. *Chelmicki*, 305 Mich App at 72.

-3-

Defendant also argues that the trial court erred in scoring OV 12 at five points because he was acquitted of assault with intent to murder. "Offense variable 12 is contemporaneous felonious criminal acts" and is to be scored at five points when either "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed" or "[t]wo contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(d)-(e). "A felonious criminal act is contemporaneous if" (1) "[t]he act occurred within 24 hours of the sentencing offense" and (2) "[t]he act has not and will not result in a separate conviction." MCL 777.42(2)(*i*)-(*ii*).

A trial court is expressly permitted to consider the facts underlying an acquittal in sentencing, *Parr*, 197 Mich App at 46, and need only find facts to support its scoring decisions by a preponderance of the evidence, *Osantowski*, 481 Mich at 111. As the trial court found, by a preponderance of the evidence, that defendant was not acting in self-defense when he shot the complainant, there was a sufficient factual basis for the trial court to conclude that defendant committed a contemporaneous felonious criminal act (even if not assault with intent to murder) that would not result in a separate conviction. Therefore, the trial court did not err in scoring OV 12 at five points.

Defendant next argues that the trial court erred in scoring OV 9 and OV 19 at ten points each. "Offense variable 9 is number of victims" and is to be scored at ten points when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss." MCL 777.39(1)(c). Each person placed in danger of injury, death, or loss of property should be counted as a victim. *People v Gullett*, 277 Mich App 214, 217; 744 NW2d 200 (2007), citing MCL 777.39(2)(a). In this case, plaintiff presented evidence that defendant shot a firearm at least three times in the parking lot of an apartment complex. Plaintiff presented evidence that the victim was shot and that three separate vehicles sustained bullet holes. This provides a sufficient factual basis to find that "4 to 19 victims were placed in danger of property loss" to score OV 9 at ten points.[2] See MCL 777.39(1)(c).

"Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services" and is to be scored at ten points when "[t]he offender . . . interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). A defendant's attempt to hide or dispose of a weapon constitutes an attempt to interfere with the administration of justice. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). The trial court heard evidence that defendant ran from the scene, hid in an apartment, and disposed of a firearm he used by discarding it in a dumpster. There was therefore sufficient evidence to support the trial court's decision to score OV 19 at ten points.

Additionally, we reject defendant's contention that defense counsel was ineffective for failing to raise any of these scoring issues because any attempt to do so would have been futile.

---

[2] At a minimum, and in addition to the three vehicles that sustained bullet holes, the complainant's personal items and clothing were at least at risk of being damaged and in need of repair or replacement.

"Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *Ericksen*, 288 Mich App at 204.

## III. RESTITUTION AWARD

Next, defendant argues that the trial court erred in ordering restitution. We disagree. We review this unpreserved argument reviewed for plain error affecting substantial rights. *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003).

"As a threshold matter, for the purposes of restitution, the [Crime Victim's Rights Act (CVRA)] defines 'victim' as 'an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime.' " *Fawaz*, 299 Mich App at 64, quoting MCL 780.766(1). Pursuant to MCL 780.766(2),

> when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

"In determining the amount of restitution to order under section 16, the court shall consider the amount of the loss sustained by any victim as a result of the offense." MCL 780.767(1).

As used in MCL 780.766(2), "the term 'course of conduct' . . . should be given a broad construction in light of its historical background and prior decisions from the Court of Appeals[.]" *People v McKinley*, 496 Mich 410, 418; 852 NW2d 770 (2014). "The plain language of the statute authorizes the assessment of full restitution only for 'any victim of the defendant's course of conduct *that gives rise to the conviction* . . . ." *Id*. at 419 (emphasis in original). Here, as stated above, the trial court properly considered defendant's course of conduct in committing the offenses of CCW and felon-in-possession to include the shooting of the complainant.

Further, as to the amount of restitution, "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by a preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the prosecuting attorney." MCL 780.767(4). The amount ordered must be based on the victim's actual loss. *Id*.

In this case, plaintiff offered the following medical bills that the complainant incurred to support its restitution request: "Lansing Radiology, $30, Physician Anesthesia Services, P.C., $3,250, Emergency Medical Associates, $627, MSU Health Team, $3,595, City of Lansing for the ambulance, $914.75, and Sparrow Hospital, $61,446.42, giving a total restitution amount of $69,863.17," which is what the trial court ordered. It was defendant's possession of, and later use of, a firearm that was both the criminal act and the cause of the complainant's injuries, i.e., the losses sustained as a result of defendant's "course of conduct." Therefore, we reject defendant's argument.

-5-

Defendant also contends, relying on *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and its progeny, that he should not be required to pay restitution because the restitution amount was not based on factual findings made by a jury beyond a reasonable doubt. However, *Apprendi* and its progeny do not address statutorily-mandated restitution awards; rather they hold that due process requires that a factual finding used to elevate a sentence above a statutory maximum be proven beyond a reasonable doubt. *Id*. at 490; *Southern Union Co v United States*; ___ US ___; 132 S Ct 2344, 2350-2351; 183 L Ed 2d 318 (2012). We see no applicability of *Apprendi*'s rationale to Michigan's statutory restitution scheme.

Additionally, defendant's argument that defense counsel was ineffective for failing to object to the restitution order should also fail because, given the conclusion above, such an objection would have been meritless. *Ericksen*, 288 Mich App at 204.

## IV. PSIR

Lastly, defendant takes issue with three portions of the PSIR. A trial court's response to a claim of inaccuracy in the PSIR is reviewed for an abuse of discretion. *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010). "A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Waclawski*, 286 Mich App at 689. This Court reviews constitutional questions de novo. *Sadows*, 283 Mich App at 67.

"The Department of Corrections relies on the information contained in the PSIR to make critical decisions regarding a defendant's status." *People v Lloyd*, 284 Mich App 703, 705-706; 774 NW2d 347 (2009). "At a sentencing hearing, either party may challenge the accuracy or relevancy of information contained in the PSIR." *Id*. at 705, citing MCL 771.14(6). "There is a presumption that the information contained in the PSIR is accurate unless the defendant raises an effective challenge." *Id*. "When a defendant challenges the accuracy of the information, the defendant bears the burden of going forward with an effective challenge." *Id*.

Essentially, defendant challenges the inclusion of three portions of the PSIR: (1) the statement that the instant convictions constitute his "fifth, sixth, and seventh felony convictions," arguing that a reader could be misled into concluding that all of his previous felony convictions were as an adult; (2) the statement that he has "an extensive juvenile criminal history," because, "although not the best," his criminal history "is not 'extensive' "; and (3) "the 'victim impact statement' section," because "[t]hese statements are inflammatory and should be stricken as [the complainant] was not found to be a credible witness at trial and his lament is dubious at best." Defendant challenged the accuracy of these portions of the PSIR in his motion for resentencing, but the trial court did not specifically address this issue on remand. Although we could remand for the trial court to consider this issue, we see no need in light of the lack of merit in the objections and the trial court's implicit rejection of these challenges.

First, with respect to defendant's argument that the description of his criminal history is misleading, only inaccurate or irrelevant information must be corrected or stricken from a PSIR. *Waclawski*, 286 Mich App at 690. Here, the PSIR states that "[t]his constitutes the defendant's fifth, sixth, and seventh felony convictions, having two misdemeanor convictions and an extensive juvenile criminal history." Later in the PSIR, defendant's criminal history is set forth

in detail. The PSIR is clear and accurate in setting forth that defendant has seven total felonies: three in this case, one as an adult prior to this case, and three as a juvenile.

Second, with respect to defendant's argument that the adjective "extensive" is an inaccurate description of his criminal history as a juvenile, as stated above, the PSIR sets forth exactly what defendant's criminal history is. The term "extensive" can be defined as "great in amount, number, or degree." *Random House Webster's College Dictionary* (1997). Although defendant may believe that three felonies and a misdemeanor in a two-year time period as a juvenile is not "great in amount," that does not render the description inaccurate or irrelevant. *Id.*

Third, with respect to defendant's argument that the victim impact statement should be excluded, victims are afforded the right to submit a victim impact statement to be included in the PSIR. MCL 780.764; MCL 780.765; *People v Anterio Williams*, 244 Mich App 249, 253-254; 625 NW2d 132 (2001). Indeed, pursuant to MCL 780.764, "[a] victim's written statement shall, upon the victim's request, be included in the presentence investigation report."

Here, the victim impact statement includes three paragraphs that quote the complainant's description of his feelings regarding emotional and physical injury, medical insurance, and sentencing. Defendant describes the complainant's statement as "very inflammatory." The complainant describes the pain he goes through from being shot by defendant, describes the fear he has after being shot, and states that he wants defendant "to get the Longest Prison term Possable [sic], Because he doesn't have any regard for human life." These are properly understood as the observations and opinions of the victim of a violent crime, and any tone stemming from them is appropriate to that status. Indeed, other than claiming that these statements should not be included because "[the complainant] was not found to be a credible witness at trial," defendant provides no indication that these statements are inaccurate and provides no authority indicating that, assuming the jury did actually find the complainant incredible, an incredible witness's victim impact statement is not permitted to be included in the PSIR. *Watson*, 245 Mich App at 587.

Affirmed.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray