# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERRANCE LAVELLE HUTCHINSON,

Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 321486
Wayne Circuit Court
LC No. 14-000134-FC

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 18 to 120 months' imprisonment for the assault with intent to do great bodily harm conviction, and 24 months' imprisonment for the felony-firearm conviction. We affirm.

Defendant first argues that the trial court erred when it scored offense variable 9 (OV 9), MCL 777.39(1)(c), at 10 points for two to nine victims. We disagree.

The trial court's factual determinations at sentencing are reviewed for clear error, and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute is a question of statutory interpretation, which this Court reviews de novo. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

Offense variable 9 relates to the number of victims, and is to be assessed at 10 points when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1)(c). Each person placed in danger of injury or death during the commission of the sentencing offense should be counted as a "victim." *People v Gullett*, 277 Mich App 214, 216, 217; 744 NW2d 200 (2007). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds by 495 Mich 876 (2013).

Testimony presented at trial established that defendant took part in a shooting only 5 to 15 feet away from the home of Regina Bowden. At the time of the shooting, there were at least

-1-

two people, Bowden and Robert Beaty, standing on the porch, and another person, Bowden's son, inside the home. Defendant argues that the number of individuals located on the porch was contested, and that whether they were on the porch or inside the home, they were not placed in danger of physical injury because no shots were fired in the home's direction. Defendant fired four shots in a residential area, only two of which connected with the victim, John Hutchinson.[1] The fact that the other two bullets may not have been fired in the direction of the home is irrelevant when all that is required is "a close proximity to a threatening situation" Id. at 624. Indeed, this Court has found that shots fired in a residential neighborhood are enough to raise the scoring of OV 9 to 10 points when "at least one resident [is] present in the area," even when no other residents are in close proximity to the defendant when the shooting occurs. *People v Bowling*, 299 Mich App 552, 562-563; 830 NW2d 800 (2013). Whether or not the other individuals are potential targets or not is not taken into account. The fact that the shooting was in a residential area, and there were others in close proximity seems to satisfy the requirement for OV 9.

The trial court was in a position to consider all of the evidence presented at trial, and properly found that Beaty, Bowden, and Bowden's son were each placed in sufficient danger of death or serious injury to qualify as "victims" for purposes of scoring OV 9.

Defendant also argues that Bowden should not have been considered for purposes of OV 9 because, while defendant was also charged with assault with intent to do great bodily harm as to Bowden, the jury acquitted him on that charge. According to defendant, if the jury did not find that Bowden was the victim of an assault, the trial court could not find that she was a "victim" under OV 9. This argument lacks merit. A trial court is expressly permitted to consider all of the evidence presented at trial during sentencing, including facts underlying an acquittal, *People v Parr*, 197 Mich App 41, 46; 494 NW2d 768 (1992), and defendant's acquittal on the assault charge does not preclude consideration of Bowden's close proximity to defendant during his commission of the sentencing offenses. While the jury may only convict when the elements of a crime are proven beyond a reasonable doubt, the trial court, at sentencing, need only find that an individual was placed in danger of injury or death by a preponderance of the evidence for purposes of scoring OV 9. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). Even if the trial court's consideration of Bowden as a victim had been precluded, the close proximity of Beaty and Bowden's son to the shooting established that there were two to nine "victims" under OV 9, and the offense variable was properly assessed at 10 points.

Defendant also argues that the jury verdicts were against the great weight of the evidence because there was sufficient evidence presented at trial to establish that defendant acted in self-defense. Again, we disagree.

First, we note that defendant did not properly preserve the issue of whether the jury verdict was against the great weight of the evidence because he failed to bring a timely motion for a new trial with the lower court. *People v Norman*, 184 Mich App 255, 257; 457 NW2d 136

---

[1] Though defendant Terrance Hutchinson, and victim John Hutchinson, share a last name, the record does not disclose a familial relationship between the two individuals.

(1990). When the issue is not properly preserved, this Court reviews challenges based on the great weight of the evidence for plain error affecting the defendant's substantial rights. *People v Lopez*, 305 Mich App 686, 695; 854 NW2d 205 (2014).

A verdict is against the great weight of the evidence when the evidence presented preponderates so heavily against the verdict that it would be a miscarriage of justice to let the verdict stand. *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). When reviewing a claim that the verdict is against the great weight of the evidence, this Court must review the entire body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993). The issue of credibility of the witnesses is implicit in determining a great weight of the evidence question, and the existence of conflicting testimony is an insufficient basis to grant a new trial. *People v Lemmon*, 456 Mich 625, 642-647; 576 NW2d 129 (1998). Rather, that remedy is reserved for cases where the testimony is contradicted by indisputable physical facts or law or is otherwise so patently incredible or inherently implausible that it could not be believed by a reasonable trier of fact. *Id*.

The elements of assault with intent to do great bodily harm less than murder are (1) an attempt or threat with force or violence to do corporal harm to another, and (2) an intent to do great bodily harm less than murder. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). For a conviction of felony-firearm, the prosecution must show that defendant carried or possessed a firearm during the commission of a felony or the attempt to commit a felony. *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2003).

Defendant argues that the convictions were against the great weight of the evidence because the prosecutor failed to rebut his claim of self-defense beyond a reasonable doubt. A defendant may act in lawful self-defense if he "honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010). Once the defendant claims that he acted in self-defense, the burden shifts to the prosecutor to disprove self-defense beyond a reasonable doubt. *People v Fortson*, 202 Mich App 13, 20; 507 NW2d 763 (1993).

Considering all of the evidence presented at trial, the jury's conclusion that the prosecution had proven the elements of assault with intent to do great bodily harm and disproven defendant's claim of self-defense beyond a reasonable doubt was not against the great weight of the evidence. Defendant testified that he was afraid of Hutchinson because Hutchinson approached defendant with a raised beer bottle, and defendant had previously witnessed Hutchinson beat other individuals with a beer bottle. Additionally, defendant claimed that Hutchinson called him and threatened him earlier that day. Defendant was wheelchair-bound and had lost the use of his left arm, and could not have defended himself without a firearm. Hutchinson testified that, while he had called defendant earlier on the day of the shooting, he had not made any threatening remarks. Hutchinson claimed that he was not carrying a beer bottle, or anything at all, when he approached defendant, and that defendant shot him after he had made some derogatory remarks regarding defendant. The shooting occurred just outside Bowden's home, where Hutchinson had been when he made the earlier phone call to defendant. Both Hutchinson and defendant testified that defendant came on his own volition to Bowden's home, seeking out Hutchinson and even yelling down the road as he approached. Defendant's act of

-3-

voluntarily seeking out Hutchinson, despite earlier threats and defendant's knowledge of Hutchinson's previous aggressive behavior, indicates not only that he may have been the initial aggressor, but also that any claimed fear of imminent harm was not honest or reasonable.

The jurors were read the self-defense instruction at trial and are presumed to have properly considered that defense during deliberations, *People v Abraham*, 256 Mich App 265, 278-279; 662 NW2d 836 (2003), and the jury is "free to believe or disbelieve, in whole or in part, any of the evidence presented," *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). None of the witnesses' testimony was "patently incredible" or "inherently implausible." *Lemmon*, 456 Mich at 643-644. The jury simply found Hutchinson's account more credible than defendant's. Defendant's convictions were not against the great weight of the evidence.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause