*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN RAY HILBERATH,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2019

No. 345221
Gladwin Circuit Court
LC No. 17-009216-FH

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted the sentence imposed by the trial court for his plea-based conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b (multiple variables). Defendant was sentenced to 135 months to 25 years' imprisonment, reflecting an upward departure from the minimum sentence guidelines range of 51 to 85 months. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was charged with sexually abusing AP and DP, the grandchildren of defendant's wife, over a year-long period.[1] AP, who was nine years old during the relevant timeframe, informed a forensic interviewer that defendant had exposed his penis to her and ordered her to perform fellatio; she complied. AP stated that defendant exposed his penis and made her perform fellatio every time that she went to her grandmother's home. AP also reported that defendant had pulled down her pants and underwear and performed cunnilingus. Additionally, defendant showed pornography to AP. In his forensic interview, DP claimed that when he spent nights at his grandmother's house, defendant would wake him up, tell him to take off his pants and lie on the bed, and then defendant would perform fellatio on DP and touch DP's

---

[1] Our recitation of the facts is developed from the information contained in the presentence investigation report (PSIR). Defendant had no objections regarding the substance of the PSIR.

penis.[2] DP recounted other occasions, once when he was showering and once when he was on defendant's fishing boat, in which defendant performed fellatio on DP. Defendant told DP not to tell anyone or defendant could get in big trouble. The sexual assaults were committed outside the view of the children's grandmother.

Defendant was charged with two counts of CSC-I as to AP and one count of CSC-I relative to DP. Defendant pleaded no contest to one count of CSC-I (multiple variables) with respect to AP, and the other charges were dismissed. At defendant's original sentencing, the guidelines range was calculated to be 81 to 135 months. The trial court sentenced defendant within and at the top end of the guidelines range, imposing a minimum prison sentence of 135 months.

Subsequently, defendant filed a motion to correct an invalid sentence under MCR 6.429. Defendant argued that 10 points had been improperly assessed for offense variables (OVs) 4, MCL 777.34(1)(a) ("Serious psychological injury requiring professional treatment occurred to a victim") and 9, MCL 777.39(1)(c) ("There were 2 to 9 victims who were placed in danger of physical injury or death"). The trial court determined that 10 points were properly scored for OV 4, ruling that there was record evidence that AP had sustained serious psychological injury that may require professional treatment.[3] But the trial court, noting that the prosecution had conceded error, deducted 10 points for OV 9, reducing the total OV score from 80 to 70 points and resulting in a revised guidelines range of 51 to 85 months. See MCL 777.62.

The trial court, emphasizing that the guidelines were only advisory, departed from the newly calculated guidelines range and imposed the same sentence that it had previously imposed, 135 months to 25 years' imprisonment. The court acknowledged that the sentence was a departure from the guidelines range, and it repeatedly acknowledged the specific extent of the departure. The trial court believed that the upward departure was "appropriate and proportionate." The court expressed that there were certain factors that the guidelines did not take into account and that those factors justified the departure. According to the trial court, the endangerment of and serious psychological damage to DP were not contemplated by the guidelines. The court noted numerous remarks DP made that revealed the psychological harm he suffered, including DP's written comment, " 'I don't want to live any more.' " Next, the trial court pointed out that AP was under 13 years of age when defendant sexually assaulted her and that the statute pertaining to CSC-I carries a mandatory 25-year minimum sentence when sexual penetration involves a victim under 13 years old. See MCL 750.520b(1)(a) and (2)(b). Even though defendant did not plead no-contest to CSC-I under the specific provision that would have implicated the 25-year mandatory minimum, the trial court found that the provision could nonetheless be considered as an aggravating factor justifying the departure and the extent of the departure. Finally, the court stated that while points were assessed in scoring the guidelines for

---

[2] DP is a couple of years older than AP.

[3] MCL 777.34(2) directs a sentencing court to "[s]core 10 points if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive."

exploitation of a vulnerable victim, the number of points was insufficient given the "horrendous nature" of the crimes and "the vulnerability of the children involved."

Defendant filed a delayed application for leave to appeal, and this Court granted the application. *People v Hilberath*, unpublished order of the Court of Appeals, entered October 10, 2018 (Docket No. 345221).

## II. ANALYSIS

Defendant argues that the trial court erred by assessing 10 points for OV 4. Defendant additionally contends that the trial court imposed an unreasonable sentence because it failed to explain how and why the extent of the upward departure was proportionate, and the court wholly disregarded the advisory guidelines range.

### A. OV 4

Assuming that the trial court erred in assessing 10 points for OV 4, which would reduce defendant's total OV score to 60 points, we note that the OV level would remain at level IV, and thus the minimum guidelines range would not be altered. See MCL 777.62. Accordingly, defendant is not entitled to resentencing on the basis of his argument under OV 4. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").

### B. REASONABLENESS OF DEPARTURE

We hold that the trial court did not abuse its discretion by sentencing defendant to serve 135 months to 25 years in prison because the sentence imposed was proportionate to the seriousness of the circumstances surrounding the offense and the offender.

We review for reasonableness "[a] sentence that departs from the applicable guidelines range." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), our Supreme Court provided elaboration on the "reasonableness" standard, stating:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

Factual findings related to a departure must be supported by a preponderance of the evidence and are reviewed for clear error. *People v Lawhorn*, 320 Mich App 194, 208-209; 907

NW2d 832 (2017). For purposes of sentencing, "a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

The key test is not whether a sentence departs from or adheres to the guidelines range, but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Sentencing judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995). In *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017), this Court indicated:

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Citations omitted.]

"[A] trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted).

Here, the trial court first cited the severe psychological damage or harm done to DP as one of the grounds supporting the departure. The court determined, correctly so, that this factor was not considered for purposes of scoring the guidelines. Effectively, the trial court took into consideration the crimes defendant committed against DP which were either not charged or were dismissed as part of the plea agreement and their impact on DP's well-being.

When determining whether a sentence is proportionate to the offender, a sentencing court can consider uncharged offenses, pending charges, and even acquittals if supported by reliable evidence. See *People v Lawrence*, 206 Mich App 378, 379; 522 NW2d 654 (1994). This Court has specifically held that a departure from the guidelines may be proportionate on contemplation of "facts underlying uncharged offenses." *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994); *People v Parr*, 197 Mich App 41, 46; 494 NW2d 768 (1992). "Further, this Court has recognized that a sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing." *Coulter*, 205 Mich App at 456. "[T]he substantial nature of [a] plea bargain" may be emphasized by a court in departing from the guidelines. *People v Brzezinski*, 196 Mich App

-4-

253, 256; 492 NW2d 781 (1992). In *People v Williams*, 223 Mich App 409, 411; 566 NW2d 649 (1997), this Court observed:

> *Milbourn* does not address the unique sentencing situation that arises . . . when a defendant pleads guilty of a charge in exchange for dismissal of other or greater charges. Such pleas will invariably present the sentencing judge with important factors that may not be adequately embodied in the guideline variables, so departure from the guidelines is often justified on this basis[.] [Citations and quotation marks omitted.]

In light of the case law, the trial court properly relied on uncharged or dismissed offenses involving DP as the victim. The uncontested PSIR provided factual support for the crimes defendant perpetrated against DP and the significant psychological harm DP suffered.

With respect to the trial court's reference to the mandatory 25-year minimum sentence for sexual penetration with a victim under 13 years of age, we again find no error by the court. Although defendant was not specifically convicted of engaging in sexual penetration with a victim under the age of 13, the PSIR provided overwhelming uncontested factual support that such a crime, which was dismissed under the plea agreement, had indeed been committed by defendant against AP.[4] Consequently, there was no error by the trial court in simply taking into consideration for departure purposes the severe punishment that is typically doled out for conduct involving sexual penetration with a child under the age of 13.

Finally, OV 10 was assessed 10 points by the trial court based on exploitation of AP's "youth or agedness," MCL 777.40(1)(b), and the court found that this score was inadequate given the "horrendous nature" of the crimes and "the vulnerability of the children involved." Considering that there were *two* vulnerable child victims, that the exploitation and abuse occurred in the context of a grandparent-like relationship between defendant and AP and DP which should be one of security and safety and that defendant took advantage of the children's visits with their grandmother for his own deviant desires,[5] we cannot conclude that the trial court erred in finding that the 10-point score for OV 10 was inadequate. Additionally, the uncontested PSIR provided factual support for the court's findings.

Taking into consideration all of the grounds cited by the trial court, we conclude they were more than adequate to support both the decision to depart from the guidelines and the extent of the departure. The minimum sentence of 135 months was proportionate to the seriousness of the circumstances surrounding the offense and the offender. Thus, there was no

---

[4] It also appears that DP was under the age of 13 when defendant sexually assaulted him.

[5] A trial court may properly consider the "horrendous nature of the circumstances surrounding the incident in question" when determining whether a departure is warranted. *People v Johnson*, 202 Mich App 281, 291; 508 NW2d 509 (1993).

abuse of discretion. In the process of listing the particular factors in support of the departure while indicating that the factors also supported the extent of the departure, the trial court effectively and adequately was explaining why the imposed sentence was more proportionate than a sentence within the guidelines, even if it were not expressly stated in so many words. Defendant's arguments to the contrary are unavailing.

We affirm.

/s/ Jane E. Markey
/s/ Stephen L. Borrello