# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 17, 2017

Plaintiff-Appellee,

v

No. 327083
Ingham Circuit Court
LC No. 14-000639-FH

KELLEN MATHEW WOODS,

Defendant-Appellant.

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, Kellen Mathew Woods, appeals as of right his convictions, following a jury trial, of felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, and second-offense possession of a firearm during the commission of a felony (felony-firearm) MCL 750.227b.[1] The trial court sentenced Woods as a fourth-offense habitual offender, MCL 769.12, to serve concurrent terms of 4 to 10 years' imprisonment each for his felon in possession and carrying a concealed weapon convictions, and a consecutive term of five years' imprisonment for his felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

The complainant testified that she was defendant's ex-girlfriend and they shared an apartment until May 2014. In late May 2014, after the complainant intended to move out, Defendant sent her a picture in which her belongings had been damaged and threatened to kill her or someone she loved if she did not allow him to retain the phone that he was using.

On May 22, 2014, the complainant returned to the apartment with her mother and father. The complainant's mother testified that she drove and the complainant's father went with the complainant to the apartment. The complainant's father testified that when he placed some bins of the complainant's belongings on the landing outside the apartment, defendant followed him outside, pushed him, and attempted to choke him. The father pushed defendant back into the

---

[1] Woods does not appeal his convictions of malicious use of a communications device, MCL 750.540e, or assault and battery, MCL 750.81.

-1-

apartment. Defendant then emerged from the apartment with his hand behind his back and said that he had a gun. The complainant's father did not see a gun.

The complainant testified that she screamed and ran because she thought defendant had a gun, though she did not see it. However, the complainant's mother testified that while she was in her vehicle, defendant approached her quickly with a gun in his hand and yelled at her to get out of the driveway or he would kill her. The complainant's mother testified that the gun was a black nine-millimeter handgun and that defendant pointed it at her from about twenty feet away. She drove away.

East Lansing Police Officer Barb Hulliberger testified that she found defendant in a neighbor's apartment when she arrived on the scene and he agreed to meet her at the police station. However, defendant never arrived at the police station. Sergeant Andrew Bouck testified that officers apprehended defendant a few days later, after defendant's ex-wife called police because she knew that officers were looking for defendant. Defendant's ex-wife gave the officers permission to read a text-message in her phone in which defendant stated he had thrown the gun from his vehicle.

The jury found defendant guilty of the crimes previously described.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the evidence was insufficient to support his firearm-related convictions because there was no physical evidence that he ever possessed a gun, and the only witness who claimed to see defendant with a gun was biased against him. We disagree.

We review de novo a challenge to the sufficiency of the evidence because such a claim invokes the defendant's constitutional right to due process of law. *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt. *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014).

Defendant contends that the testimony of the complainant's mother that he approached her with a nine-millimeter handgun was insufficient to support his firearms-related convictions because she was biased against him. This Court will not interfere with the trier of fact's role to determine the weight of the evidence or the credibility of the witnesses. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Viewing the mother's testimony in a light most favorable to the prosecution, her statements that defendant approached her with a handgun in his hand and threatened to shoot her were sufficient to establish that defendant possessed a firearm.

We also reject defendant's assertion that the prosecution failed to establish that he had an operable firearm. That the firearm was operable is not an element of felon in possession, carrying a concealed weapon, or felony firearm. *People v Humphrey*, 312 Mich App 309, 318; 877 NW2d 770 (2015). The prosecution was not required to establish that the firearm was operable. Additionally, a rational jury could find that the complainant's mother—who was familiar with handguns and owned a handgun—would be able to tell the difference between a real firearm and a toy firearm at a distance of 20 feet.

We conclude that sufficient evidence supported defendant's convictions.

## III. SENTENCING

Defendant also argues that the trial court imposed unreasonable sentences for felon in possession and carrying a concealed weapon because the trial court sentenced him to serve 4 to 10 years' imprisonment, when his guidelines recommended a sentencing range of 46 months' imprisonment. We disagree.

While the trial court must score and consider the sentencing guidelines, it is not compelled to impose a minimum sentence within the calculated range. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). We review for reasonableness a sentence that departs from the guidelines range. *Id.* at 365. A sentence is unreasonable if it is not proportionate to the offender and the seriousness of the offense. *People v Steanhouse*, 313 Mich App 1, 45; 880 NW2d 297 (2015). As well as the nature of the offense and background of the offender, the trial court may consider additional factors including:

> (1) the seriousness of the offense, (2) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation, and (3) factors that were inadequately considered by the guidelines in a particular case. [*Steanhouse*, 313 Mich App at 45-46 (citations omitted).]

In this case, the trial court departed upward from the guidelines recommendation of 46 months' imprisonment and sentenced defendant to a minimum of 48 months' imprisonment. This is a departure of two months. When doing so, the trial court discussed the fear and pain that defendant's threats had caused the complainant's family, the seriousness of the offense, and that the guidelines did not consider defendant's death-threats, aggression, and failure to take responsibility for his actions. It also considered that defendant had behaved poorly in prison, receiving five misconduct tickets and twice violating the no-contact order against the victims' family. The trial court considered defendant's conduct during and after the offense and found that a sentence of 48 to 120 months' imprisonment was more appropriate. After review, we conclude that the trial court's sentence was reasonable.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

-3-