PEOPLE v TABAR

Docket Nos. 66819, 68847. Submitted September 12, 1983, at Lansing.
—Decided February 21, 1984.

Wayne A. Tabar was charged with driving under the influence of intoxicating liquor (DUIL), driving outside the limits of a restricted license, and driving with open intoxicants in the car. The DUIL charge was brought under the third-offense provisions of the DUIL statute, defendant allegedly having three prior DUIL convictions in the previous ten years. Defendant, by a separate information, was charged as a habitual offender. Pursuant to a plea bargain whereby the restricted license and the open intoxicant counts and the habitual offender information would be dropped, defendant was convicted on his plea of guilty on the third offense DUIL count, Tuscola Circuit Court, Patrick R. Joslyn, J. At the guilty-plea proceeding prior to acceptance of defendant's plea, the trial court informed defendant that upon conviction the court "can automatically suspend" his driving privilege and that, upon certification of his conviction, his driving privileges "may be suspended by the Secretary of State for a period [of] not more than two years". Defendant was sentenced to probation for five years of which the first year was to be served in the county jail with work release, was ordered to pay certain fines, costs and fees, and had his driving privileges suspended for two years. Defendant appealed. Subsequently, defendant was found guilty of probation violation, was sentenced to prison and appealed from the probation revocation. The appeals were consolidated for consideration on appeal. *Held:*

1. The DUIL statute provides that before accepting a guilty

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 117, 134, 136.

Validity and construction of legislation authorizing revocation or suspension of operator's license, for "habitual," "persistent," or frequent violations of traffic regulations. 9 ALR3d 756.

What amounts to conviction or adjudication of guilt for purposes of refusal, revocation, or suspension of automobile driver's license. 79 ALR2d 866.

plea to a DUIL charge the court shall advise the accused of the statutory consequences of the plea relative to the accused's driving privileges. The DUIL statute further provides that upon conviction the court shall order the driver's license of the convicted person to be suspended by the Secretary of State for a period of not more than two years. The trial court's statements to the defendant that the court "can suspend" the license and that his driving privileges "may be suspended" by the Secretary of State is not equivalent to the mandatory "shall" language of the statute. Since the court did not properly advise defendant of the statutory consequences of his guilty plea relative to his driving privileges as mandated by the DUIL statute, defendant's conviction must be reversed and the matter remanded to the trial court.

2. The DUIL statute does not require that an accused have been charged and convicted as a second offender before an accused may be charged under the third-offense provisions of the statute. A third-offense charge may be brought under the language of the third-offense provisions of the DUIL statute where the accused has two prior DUIL convictions, irrespective of whether there has been a conviction under the second-offense provisions of the statute.

Reversed and remanded.

1. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LI-
QUOR — GUILTY PLEAS — CONSEQUENCES OF GUILTY PLEA.

Informing a defendant that, if he pleads guilty to a third offense of driving under the influence of intoxicating liquor, the court "can automatically suspend" his driving privilege and that his driving privileges "may be suspended by the Secretary of State" does not satisfy the statutory mandate that the defendant must be advised of the consequence of his plea relative to suspension of an operator's or chauffeur's license, since the use of "can" or "may" is not equivalent to the statutory mandate that the court "shall order the operator's or chauffeur's license of that person to be suspended by the secretary of state" (former MCL 257.625, subds [4], [5]; MSA 9.2325, subds [4], [5]).

2. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LI-
QUOR — HABITUAL OFFENDERS.

A person who has at least two prior convictions for driving under the influence of intoxicating liquor in the prior ten-year period may be charged under the third offense provisions of the driving under the influence of intoxicating liquor statute for any subsequent violation of the statute irrespective of whether

he has been convicted under the second-offense provisions of the statute (former MCL 257.625[3]; MSA 9.2325[3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Artis M. Noel,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Duane E. Burgess,* for defendant on appeal.

Before: Bronson, P.J., and Cynar and Shepherd, JJ.

Per Curiam. Pursuant to a plea bargain, defendant pled guilty to a charge brought under the third-offense provisions of the driving under the influence of intoxicating liquor (DUIL) statute, MCL 257.625(3)(b); MSA 9.2325(3)(b),[1] in exchange for the dismissal of two other counts and an habitual offender supplemental information. Defendant was sentenced to five years probation, one year in the Huron County Jail with work release, and ordered to pay a $1,000 fine plus costs and restitution of attorney fees. His driving privileges were suspended for two years. Defendant now appeals as of right.

Defendant's first claim on appeal is that his guilty plea should be set aside because the trial court misstated the statutorily mandated penalty of MCL 257.625(4); MSA 9.2325(4), thereby violating the information requirement of MCL 257.625(5); MSA 9.2325(5).[2] Section 625(4) states that, upon conviction of the substantive offense, the court *shall* order the Secretary of State to suspend the defendant's driver's license for a pe-

[1] Subsection (3)(b) was deleted by 1982 PA 309, § 1, and replaced by MCL 257.625(6); MSA 9.2325(6), containing substantially similar language.

[2] Now MCL 257.625(9); MSA 9.2325(9).

riod of up to two years. Section 625(5) provides that, before accepting a plea of guilty to this offense, a court "shall advise the accused of the statutory consequences possible as the result of a plea of guilty in respect to suspension of an operator's or chauffeur's license". In the instant case, defendant claims error in the trial court's failure to inform defendant that suspension was mandatory, telling him instead that, upon acceptance of his plea, the court "can automatically suspend" his driving privilege and, upon certification of his conviction, his driving privileges "may be suspended by the Secretary of State for a period [of] not more than two years".

The prosecutor argues that the court's permissive language of "can" or "may" was equivalent to the mandatory "shall" of the statute. We are constrained to disagree. While defendant's prior DUIL convictions may have given him some familiarity with the results which would obtain from his conviction, the fact remains that the trial court is required to inform a defendant, before accepting a guilty plea, of the statutory consequences which will result therefrom. This the trial court failed to do. Thus, defendant's conviction must be reversed and the matter remanded.

Defendant also argues that he should not have been charged as a third offender where he had never been convicted of the second-offense provisions of the DUIL statute, MCL 257.625(3)(a); MSA 9.2325(3)(a). Since this issue may arise again upon remand, we shall dispose of it here.

No Michigan case law deals precisely with this issue. We are of the opinion, however, that defendant was properly charged as a third offender.

MCL 257.625(3)(b); MSA 9.2325(3)(b) increases the offense from a misdemeanor to a felony "[o]n a

third or subsequent conviction within a period of 10 years under this section".[3] Arguably, therefore, the prosecutor could charge a defendant as a third offender following two convictions brought under the general provisions of the DUIL statute or following a conviction brought under the second-offense provisions of the DUIL statute. Given the general prosecutorial discretion allowed in charging defendants where more than one statutory provision may apply (see *People v Thomas,* 118 Mich App 667; 325 NW2d 536 [1982]), we believe that the Legislature, had it intended to allow third-offender convictions only after second-offender convictions, would have incorporated that limitation in the language used in MCL 257.625(3)(b); MSA 9.2325(3)(b). See also *People v Raisanen,* 114 Mich App 840; 319 NW2d 693 (1982), and *People v Harold Johnson,* 96 Mich App 652; 293 NW2d 664 (1980), where previous DUIL convictions were used to support a charge brought under the third-offense provisions of the DUIL statute.

In an analogous situation, the habitual offender act provides that: "A person to be punished under this section * * * need not have been indicted and convicted as a previous offender in order to receive the increased punishment provided in this section". MCL 769.12(3); MSA 28.1084(3). Although defendant claims that the absence of a similar

[3] The amended statute, MCL 257.625(6); MSA 9.2325(6) provides:

"A person who violates subsection (1) or (2) * * * within 10 years of two or more prior convictions, as defined in subsection (5), is guilty of a felony. * * *"

"Prior conviction" is defined in subsection (5) as "a conviction under subsection (1) or (2)" or a similar local ordinance or law of another state. Subsections (1) and (2) do not require prior convictions.

The amendment is academic, however, as it was specifically made prospective only from its effective date of March 30, 1983. 1982 PA 309, § 2.

provision in the DUIL statute evidences a contrary intention on the part of the Legislature in the case of the present offense, we disagree. The lack of a specific limitation on when a defendant may be charged under the third-offense provision of the DUIL statute and the similar purposes behind both enhancement provisions lead us to conclude that treatment different from that allowed in the habitual offender statute is not mandated here.

Although defendant had not been convicted previously under the second-offense provisions of the DUIL statute, we find no violation of defendant's right to due process in allowing the prosecutor to charge defendant as a third offender where defendant had at least two (in this case three) previous DUIL convictions. See *People v Bolton,* 112 Mich App 626; 317 NW2d 199 (1981). Defendant is entitled to vacation of his guilty plea, but may be charged upon remand as a third offender.

Reversed and remanded.