PEOPLE v BROWN

Docket No. 231354. Submitted November 13, 2001, at Lansing. Decided January 22, 2002, at 9:10 A.M. Leave to appeal sought.

Willie L. Brown was tried before a jury in the Saginaw Circuit Court with regard to numerous charged felonies, including possession of a firearm by a felon. MCL 750.224f. The court, Robert L. Kaczmarek, J., declared a mistrial when the jury was unable to reach a verdict. The court thereafter dismissed the felon in possession charge on the basis that the defendant's handgun was inoperable because of a missing firing pin and spring. The prosecution appealed.

The Court of Appeals *held*:

A defendant may be convicted of being a felon in possession of a firearm where the firearm possessed is inoperable. A handgun that is designed to expel a dangerous projectile, and that could do so but for a missing firing pin and spring, qualifies as a weapon from which a dangerous projectile "may" be expelled and, therefore, is a "firearm" as the term is defined in MCL 750.222(b). The Legislature did not intend the felon in possession statute to apply only to operable firearms. The order dismissing the charge must be reversed and the matter must be remanded for reinstatement of the charge.

Reversed and remanded.

CRIMINAL LAW — POSSESSION OF A FIREARM BY A FELON — WORDS AND PHRASES — FIREARM.

A handgun that is designed to expel a dangerous projectile and that could do so except for a missing firing pin and spring is a "firearm" within the meaning of the statute prohibiting possession of a firearm by a felon; the statute prohibiting possession of a firearm by a felon does not require that the firearm possessed be operable but, instead, requires it to be a weapon from which a dangerous projectile "may" be propelled (MCL 750.222[b], 750.224f).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Janet M. Boes*, Assistant Prosecuting Attorney, for the people.

*George C. Bush,* for the defendant.

Before: O'CONNELL, P.J., and SAWYER and SMOLENSKI, JJ.

SMOLENSKI, J. In the present case, the prosecutor charged defendant with a number of felonies, including possession of a firearm by a felon, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. When the jury was unable to reach a verdict on the charges, the circuit court declared a mistrial. Subsequently, the circuit court dismissed the felon in possession charge on the ground that defendant's handgun was inoperable.[1] The circuit court concluded, as a matter of law, that an inoperable handgun does not qualify as a "firearm" within the meaning of the felon in possession statute. MCL 750.224f. The prosecution appeals as of right from the order of dismissal. We conclude that a defendant may properly be convicted of being a felon in possession of a firearm when he possesses an inoperable handgun. Therefore, we reverse the circuit court order and remand for reinstatement of the felon in possession charge against defendant.

The felon in possession statute provides, in pertinent part: "[A] person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state . . . ." MCL 750.224f(1). In the present case, the parties dispute the meaning of the term "firearm," as used in the felon in possession statute. The Legislature specifically defined that term as follows: " 'Firearm' means a weapon from which a dangerous projectile may be

---

[1] The prosecution stipulated that the firearm was inoperable because of a missing firing pin and spring.

propelled by an explosive, or by gas or air. Firearm does not include a smooth bore rifle or handgun designed and manufactured exclusively for propelling by a spring, or by gas or air, BB's not exceeding .177 caliber." MCL 750.222(b).

Defendant argues that an inoperable handgun does not qualify as a "firearm" under this statutory definition because such a handgun cannot expel a dangerous projectile. The prosecution argues that a handgun is a "firearm," even though it is currently inoperable, because a handgun "may" expel a dangerous projectile. This Court has never directly decided whether a handgun must be operable in order to qualify as a "firearm" for purposes of the felon in possession statute. Furthermore, this Court has accorded various meanings to the statutory term "firearm," depending on the specific offense with which the defendant has been charged. In the context of the concealed weapons statute, MCL 750.227, this Court has held that an inoperable handgun does not qualify as a "firearm." *People v Parr*, 197 Mich App 41, 45; 494 NW2d 768 (1992); *People v Gardner*, 194 Mich App 652, 654; 487 NW2d 515 (1992); *People v Huizenga*, 176 Mich App 800, 804-805; 439 NW2d 922 (1989). However, in the context of the felony-firearm statute, MCL 750.227b, this Court has held that an inoperable handgun does qualify as a "firearm." *People v Thompson*, 189 Mich App 85, 86; 472 NW2d 11 (1991); *People v Garrett*, 161 Mich App 649, 653; 411 NW2d 812 (1987); *People v Poindexter*, 138 Mich App 322, 333; 361 NW2d 346 (1984). While defendant urges this Court to apply the rule set forth in the concealed weapon cases, the prosecution urges this Court to apply the rule set forth in the felony-firearm cases. We conclude that the *Thompson* analysis, first applied to felony-

firearm cases, should also be applied to felon in possession cases.

> We review questions of statutory construction de novo. In doing so, our purpose is to discern and give effect to the Legislature's intent. We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. We must give the words of a statute their plain and ordinary meaning, and only where the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent. [*People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999) (citations omitted).]

Furthermore, when "a statute supplies its own glossary, courts may not import any other interpretation but must apply the meaning of the terms as expressly defined." *People v Schultz*, 246 Mich App 695, 703; 635 NW2d 491 (2001).

Defendant argues that criminal statutes must be strictly construed, with leniency toward the defendant. *Huizenga, supra* at 804.[2] However, the "rule that a penal statute is to be strictly construed shall not apply" to the provisions of the Michigan Penal Code, which "shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." MCL 750.2. Because MCL 750.224f and MCL 750.222(b) are provisions of the Michigan Penal Code, we interpret those statutes according to the "fair import" of their terms.

---

[2] We note that the *Huizenga* Court interpreted the term "firearm" as defined in MCL 8.3t, and did not interpret the term "firearm" as defined in MCL 750.222(b). Because MCL 8.3t does not fall within the Michigan Penal Code, it is subject to different rules of construction than MCL 750.222(b).

First, we note the prosecution's argument that a "firearm" is "a weapon from which a dangerous projectile *may be* propelled . . . ." MCL 750.222(b) (emphasis added). The statutory term "may" is permissive, as opposed to the term "shall," which carries a mandatory, nondiscretionary connotation. *People v Seeburger*, 225 Mich App 385, 392-393; 571 NW2d 724 (1997); *People v Tabar*, 132 Mich App 376, 379; 347 NW2d 458 (1984). Interpreting the statute according to the fair import of its terms, we agree with the prosecutor that a handgun that is designed to expel a dangerous projectile, and that could do so but for a missing firing pin and spring, qualifies under MCL 750.222(b) as a weapon from which a dangerous projectile *may* be propelled.

Furthermore, we cannot find that the Legislature intended that the felon in possession statute apply only to operable firearms. The statute provides that a convicted felon "shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state . . . ." MCL 750.224f(1). The statutory language is broad and is clearly intended to keep any and all handguns out of the hands of convicted felons. In our opinion, a handgun need not be currently operable in order to qualify as a "firearm" for purposes of the felon in possession statute. If that were the case, then convicted felons could legitimately purchase, sell, receive, and distribute handguns on a regular basis, as long as the firing pins had been temporarily removed from those handguns. We cannot conclude that the Legislature intended such a result when it drafted the felon in possession statute.

Finally, defendant argues that our Supreme Court's decision in *People v Hill*, 433 Mich 464, 475-476; 446 NW2d 140 (1989), mandates a finding that an inoper-

able handgun does not qualify as a "firearm" within the meaning of the felon in possession statute. We conclude that our holding in the instant case is consistent with the *Hill* decision, in which the Court noted the " 'legislative intent to distinguish the firearm from other potentially dangerous weapons,' " and cited appellate decisions which " 'found the operability of a gun to be irrelevant for a conviction [because] a contrary result would thwart the deterrent purpose' " of the laws concerning the use and possession of firearms. *Id.* at 476, quoting *People v Boswell*, 95 Mich App 405, 409; 291 NW2d 57 (1980).

We reverse the circuit court order and remand for reinstatement of the felon in possession charge against defendant. We do not retain jurisdiction.