# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 27, 2017

Plaintiff-Appellee,

v

No. 330694
Genesee Circuit Court
LC No. 15-037448-FH

DONQUIA JEROME BEAVERS,

Defendant-Appellant.

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right following his jury trial conviction of felon-in-possession of a firearm, MCL 750.224f. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 3 to 10 years' imprisonment. We affirm.

Defendant argues that there was insufficient evidence to convict him of felon-in-possession of a firearm. We disagree.

"Appeals regarding the sufficiency of the evidence are reviewed de novo." *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, [appellate courts] review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotation marks omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id*. (quotation marks omitted). It is the role of the trier of fact to weigh evidence and evaluate the credibility of witnesses. *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008).

When sufficiency of the evidence is challenged, "the question on appeal is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). When reviewing the sufficiency of the evidence presented, "this Court must view the evidence in the light most favorable to the prosecution" while determining "whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. Juries, and not appellate courts, hear the testimony of witnesses; therefore, we defer to the credibility assessments made by a

-1-

jury." *Henderson*, 306 Mich App at 9 (citation omitted). Further, "[c]ircumstantial evidence and the reasonable inferences it permits are sufficient to support a conviction, provided the prosecution meets its constitutionally based burden of proof beyond a reasonable doubt." *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010).

The felon-in-possession of a firearm statute provides that "[a] person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state . . . ." *People v Brown*, 249 Mich App 382, 383; 642 NW2d 382 (2002), quoting MCL 750.224f. "Possession of a firearm can be actual or constructive." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). Regarding constructive possession, "a person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id*. (quotation marks omitted). Additionally, "[p]ossession of a firearm may be sole or joint; thus dominion or control over the object need not be exclusive." *People v Strickland*, 293 Mich App 393, 400; 810 NW2d 660 (2011).

Neither party raises the issue on appeal whether defendant was eligible to legally possess a firearm; the fact that defendant had previously been convicted of a "specified" felony was stipulated to at trial and the jury was instructed as such. MCL 750.224f(2). Therefore, the only remaining question for this Court is whether there was sufficient evidence provided to establish that defendant indeed possessed a firearm.

As previously noted, possession can be satisfied either actually or constructively. *Johnson*, 293 Mich App at 83. Defendant first argues that in light of the jury finding him not guilty of other charges involving a weapon, the jury must not have believed that defendant was in physical possession of a firearm at any time. Whether this is true or not, within a single jury trial, inconsistent verdicts are permissible and do not require reversal. *People v Wilson*, 496 Mich 91, 100-101; 852 NW2d 134 (2014), abrogated on other grounds by *Bravo-Fernandez v United States*, 580 US ___, ___; 137 S Ct 352, 359; 196 L Ed 2d 242 (2016). See also *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980). Indeed, "the verdict may have been the result of compromise, or of a mistake on the part of the jury. . . . But verdicts cannot be upset by speculation or inquiry into such matters" because "[j]uries are not held to any rules of logic nor are they required to explain their decisions." *Wilson*, 496 Mich at 100-101 (quotations and citations omitted). Therefore, the evidence presented by the prosecution indicating physical possession still bears consideration. And Alexis Collins's testimony, in which she stated that defendant and April Tasley were shooting guns in the direction of Collins's apartment, gave defendant actual possession. Likewise, Collins's testimony that defendant held a gun to her head certainly provided sufficient evidence to support a finding based on actual physical possession.

In addition, the prosecution also submitted evidence of constructive possession. The testimony of Officer Bridgette Balasko, which placed defendant approximately 10 feet away from the handgun recovered in Tasley's apartment, gave defendant the "indicia of control" needed to establish constructive possession. Defendant clearly knew the location of the weapon and had reasonable access to it; the gun was in plain view on the kitchen table, in close proximity to defendant. Thus, the jury could have reasonably inferred that he indeed knew where the gun was located. That the gun was registered to Tasley and legally belonged to her did not preclude

defendant from constructively possessing it, because "dominion or control over the object need not be exclusive." *Strickland*, 293 Mich App at 400. And "[p]hysical possession is not necessary as long as the defendant has constructive possession." *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000).

Furthermore, defendant's assertion that he did not constructively possess the gun because it was inoperable is unconvincing; as this Court has held:

> In our opinion, a handgun need not be currently operable in order to qualify as a "firearm" for purposes of the felon in possession statute. If that were the case, then convicted felons could legitimately purchase, sell, receive, and distribute handguns on a regular basis, as long as the firing pins had been temporarily removed from those handguns. We cannot conclude that the Legislature intended such a result when it drafted the felon in possession statute. [*Brown*, 249 Mich App at 386.]

Thus, that Officer Balasko found the gun unloaded and the clip removed did not prevent defendant from constructively possessing it. See *id*. Despite defendant's contention that he never physically possessed the gun in question, this does not negate the evidence supporting defendant's constructive possession of such.

Therefore, in viewing the evidence in a light most favorable to the prosecution, sufficient evidence was presented at the trial court to support a rational trier of fact finding defendant guilty of felon-in-possession, whether by way of actual possession, constructive possession, or both.

Affirmed.


/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan