*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

UNPUBLISHED
December 3, 2020

v

JOHN LESTER ANDERSON,

   Defendant-Appellant.

No. 348317
Grand Traverse Circuit Court
LC No. 18-013060-FH

Before: LETICA, P.J., and RIORDAN and, CAMERON JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of second-degree arson, MCL 750.73. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to serve 7 to 20 years' imprisonment. We affirm.

## I. FACTS

This appeal arises from an arson that occurred on Sunday, August 19, 2018. Defendant, who was identified as the perpetrator from security camera video recordings made at the time of the fire, was charged with second-degree arson and second-degree home invasion, MCL 750.110a(3). The home invasion charge was later dismissed and replaced with a charge of breaking and entering a building with the intent to commit arson, MCL 750.110.

At the time of the fire, the home was undergoing interior renovations and was unoccupied. The construction project was close to completion with the homeowner and his family scheduled to move in on September 1.

After listening to the witnesses' testimony and reviewing the exhibits, the jury convicted defendant of second-degree arson, but acquitted him of breaking and entering a building with the intent to commit arson.

## II. DISCUSSION

## A. SUFFICIENCY OF THE EVIDENCE

Defendant argues that insufficient evidence was presented to show that the home undergoing renovation was a dwelling. We disagree.

This Court reviews de novo challenges to the sufficiency of evidence in a jury trial, viewing the evidence in the light most favorable to the prosecution. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, this Court reviews "the evidence in the light most favorable to the prosecutor to determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich. 669, 676; 837 NW2d 415 (2013) (citation and quotation marks omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 750.73(1) provides that "a person who willfully or maliciously burns, damages, or destroys by fire or explosive a dwelling, regardless of whether it is occupied, unoccupied, or vacant at the time of the fire or explosion, or its contents, is guilty of second-degree arson. On appeal, defendant does not challenge the evidence that he committed the arson; instead, he only contends that there was insufficient evidence that the home was a dwelling.

The arson statute provides a specific definition of a dwelling. *People v Brown*, 249 Mich App 382, 385; 642 NW2d 382 (2002) (determining that courts must apply meaning of terms as expressly defined in a statute). A dwelling "includes, but is not limited to, any building, structure, vehicle, watercraft, or trailer adapted for human habitation that was actually lived in or reasonably could have been lived in at the time of the fire . . . ." MCL 750.71(d). Because it is undisputed that no one was living in the house at the time of the fire, the critical determination was whether someone "reasonably could have" lived in the house.

Defendant first argues that the prosecution conceded that the structure destroyed in the fire was a building, not a dwelling, because the prosecution stipulated to dismiss the second count against him, a charge of second-degree home invasion, and replace it with a charge of breaking and entering a building with the intent to commit arson. Defendant recognizes that the prosecution took these actions after defendant moved to dismiss the home-invasion charge given that the home-invasion statute defines a dwelling as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." MCL 750.110a(1)(a). But because the Legislature provided different statutory definitions for the term "dwelling" in the home-invasion and arson statutes, we reject defendant's contention that the prosecution's amendment of the second count against defendant was a concession that the home

was not a dwelling for purposes of the second-degree arson charge.[1] *Brown*, 249 Mich App at 385.

Defendant next argues that there was insufficient evidence to support the jury's verdict because the home undergoing renovation was not a dwelling. In particular, defendant points to the condition of the home, including the lack of personal items and furnishings therein, the lack of propane access, the lack of functional smoke and carbon-monoxide detectors, and the lack of a certificate of occupancy, which would make residing in the home illegal.

Viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence to support the jury's determination that the house was dwelling as it "reasonably could have been lived in at the time of the fire." MCL 750.71(d). The jury was presented with five witnesses who testified regarding the state the house was in at the time of the fire as well as multiple photographs. This evidence addressed the issues of whether the property was occupied; whether it had been inspected; whether permits had been issued; detailed information about the state of all aspects of the construction project; and whether furniture and other personal effects had been moved in; and the presence or absence of any safety issues. At the time of the fire, the home was an unoccupied custom home, with a completed exterior. The home's future occupants were scheduled to move in on September 1, after an earlier June 1 scheduled move-in date had passed. The home's contractor described the home as being in a reasonably livable condition, testifying: "You could have been living in it." In fact, the day after the fire, the contractor planned to call to schedule the final inspections, in anticipation that the home was ready to pass them. And, four days before the fire, the future occupants' daughter asked to spend the night inside the home with her friend. Although her parents were agreeable, the contractor vetoed the plan, not because the home was unlivable, but because he was concerned that he would be blamed for and have to repair any damage that she and her friend might cause.

After all of this evidence was presented, the trial court instructed the jury on the elements required to convict defendant of the second-degree arson charge, including the relevant definition of a dwelling. The trial court also instructed the jury on the possibility of finding defendant guilty on the lesser offense of third-degree arson, MCL 750.74, *if* the jury found that the house did not meet the statutory definition of a dwelling. The jury concluded that defendant was guilty of

---

[1] The jury was given the option of third-degree arson, which requires a person to:

(a) Willfully or maliciously burn[], damage[], or destroy by fire or explosive any building or structure, or its contents, regardless of whether it is occupied, unoccupied, or vacant at the time of the fire or explosion.

(b) Willfully and maliciously burn[], damage[], or destroy[s] by fire or explosive any of the following or its contents:

*(i)* Any personal property having a value of $20,000.00 or more.

*(ii)* Any personal property having a value of $1,000.00 or more if the person has 1 or more prior convictions. [MCL 750.74(1).]

The jury rejected this option and convicted defendant of second-degree arson.

second-degree arson. Viewing the evidence in the light most favorable to the prosecution, we conclude that the jury could have reasonably decided that the house was sufficiently complete to "reasonably" be lived in.

## B. GREAT WEIGHT OF THE EVIDENCE

Even if the evidence was sufficient to support the jury's verdict, defendant contends that it was against the great weight of the evidence. We disagree.

To preserve a claim that a jury's verdict was contrary to the great weight of the evidence, a defendant must raise the issue in a motion for a new trial in the trial court. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). In this case, defendant failed to raise the issue in a motion for a new trial. Therefore, this issue is unpreserved. Generally, "[a]n appellate court will review a properly preserved great-weight issue by deciding whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011) (quotation marks and citation omitted). "However, when a party fails to preserve a great-weight issue for appeal, an appellate court will look for plain error affecting the defendant's substantial rights." *Id*. at 617 (quotation marks and citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error result[s] in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (citations and quotation marks omitted).

Again, the only element of second-degree arson that defendant challenges is whether the house was a dwelling. As just discussed, there was ample evidence presented at trial for the jury to find that the house was a dwelling. Therefore, defendant's conviction of second-degree arson was not against the great weight of the evidence.

## C. INCONSISTENT VERDICTS

Finally, defendant argues that he is entitled to reversal of his conviction because the guilty verdict on the second-degree arson charge was inconsistent with the not-guilty verdict for breaking and entering a building. We disagree.

A claim of inconsistent verdicts is a constitutional issue that is reviewed de novo. *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012). However, because this issue is unpreserved, we review it for plain error that affected defendant's substantial rights. *Carines*, 460 Mich at 763-764.

Jury verdicts rendered on multiple counts do not have to be consistent. *People v Vaughn*, 409 Mich 463, 465; 295 NW2d 354 (1980). Our Supreme Court succinctly explained the reasons for this rule:

Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jury reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release . . . . [Thus,] the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility. [*Id*. at 466.]

Nevertheless, "[i]nconsistent verdicts might be cause for reversal when it is evident that the jury was confused, did not understand the instructions, or did not know what it was doing." *People v McKinley*, 168 Mich App 496, 510; 425 NW2d 460 (1988), citing *People v Lewis*, 415 Mich 443, 450 n 9; 330 NW2d 16 (1982). Contrary to defendant's argument otherwise, there is absolutely no indication in this case that the jury was confused, did not understand its instructions, or know what it was doing.

Finally, relying on this Court's since-vacated holding in *People v Davis*, 320 Mich App 484, 490-496; 905 NW2d 482 (2017), vacated in part 503 Mich 984; 923 NW2d 891 (2019), defendant suggests that finding him guilty of second-degree arson, while simultaneously finding him not guilty of breaking and entering a building with the intent to commit arson, resulted in impermissible mutually exclusive outcomes. However, to the extent that our Supreme Court left open the possibility that the principle of mutually exclusive verdicts is even recognized as an exception to the rule permitting inconsistent jury verdicts, see *Davis*, 503 Mich at 984, this concept is inapplicable in this case because the arson charge and the breaking-and-entering charge involve completely different elements, none of which are mutually exclusive.

Affirmed.

/s/ Anica Letica
/s/ Michael J. Riordan
/s/ Thomas C. Cameron

-5-